IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ISRAEL MUNOZ-GALLARDO,** ) <br> No. K-61513, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **JEFFERSON COUNTY, ILL., et al.,** ) <br> ) <br> **Defendants.** ) | **CIVIL NO. 11-cv-00530-MJR** |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Israel Munoz-Gallardo, a prisoner at Pontiac Correctional Center, filed this suit in June 2011 pursuant to 42 U.S.C. § 1983 based on incidents that occurred while he was housed in the Jefferson County Jail. Put succinctly, guards shot Plaintiff five times with a shotgun loaded with beanbags and then failed to tend to his injuries until the next day, when he was taken to a hospital. In accordance with 28 U.S.C. § 1915A, the complaint was reviewed and several claims and defendants were dismissed by Order dated July 9, 2012 (Doc. 13). Plaintiff is now before the Court seeking reconsideration of a portion of that Order: the dismissal of Captain Randy Pollard and "Unknown Third Shift Supervisor" from Count 3, regarding deliberate indifference to Plaintiff's serious medical needs (Docs. 36 and 38).

In dismissing Captain Pollard, the Court concluded that the allegations in the complaint did not support Plaintiff's contention that Pollard was deliberately indifferent to Plaintiff's medical needs, or otherwise permit an inference that Pollard acted with malicious or punitive intent (*see* Doc. 13, p. 13). The Court stated, "Indeed, Plaintiff's allegations as to both encounters with Defendant Pollard suggest exactly the opposite," noting: the first time Plaintiff

spoke with him, Pollard indicated Plaintiff would be taken to the hospital; he had pictures taken of Plaintiff's injuries; and he initiated and organized Plaintiff's trip to St. Mary's Hospital (*see* Doc. 13, p. 13). Pollard was dismissed without prejudice. Plaintiff now contends that the Court has misread or misrepresented the complaint, in that Nurse Cissy, not Pollard, informed Plaintiff he would be going to the hospital, and Nurse Cissy organized the trip to the hospital. Also, Plaintiff contends that Pollard had band-aides placed on Plaintiff's injuries before the pictures were taken, in an effort to mask the worst part of the injuries. Plaintiff characterizes Pollard as having been "aggressive and indifferent," not compassionate.

With respect to "Unknown Third Shift Supervisor," the Court found the allegations in the complaint too vague to state a deliberate indifference claim (*see* Doc. 13, p. 12). More specifically, the Court found that there were no allegations suggesting that the unknown supervisor had been alerted to Plaintiffs situation (*see* Doc. 13, p. 13). "Unknown Third Shift Supervisor" was dismissed without prejudice. Plaintiff now argues that the supervisor denied Plaintiff any kind of medical assistance and/or transfer to a hospital.

Plaintiff directs the Court to reconsider paragraphs 31-38 of the complaint and exhibits B1 and B2.

**Standard of Review**

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and time-tables govern Rule 59(e) and Rule 60(b) motions. So, for instance, Rule 59(e) permits a court to amend a judgment only if the movant

demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on these reasons, *inter alia*: mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for a Rule 59(b) motion.

In *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), the Court of Appeals declared that district courts should analyze post-judgment motions based on their *substance* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion ... should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." Therefore, this Court assesses motions to reconsider (especially those drafted by *pro se* litigants) based on their substance – i.e., the reasons for relief articulated by the movant—as opposed to the title the movant chose for the motion or merely the date on which he filed the motion.

Although *Borrero* and *Obriecht* direct the Court to focus on the substance of the motion, the timing of the motion is still relevant. Rule 59(e) is only applicable to motions filed no later than 28 days after the entry of judgment. By contrast, a motion under Rule 60(b)(1) alleging mistake, inadvertence, surprise or excusable neglect, may be filed within one year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

Plaintiff filed his motion for reconsideration 44 days after entry of the order dismissing Defendants Pollard and "Unknown Third Shift Supervisor;" and he contends the Court's order of dismissal is premised upon the Court's mistaken reading of the complaint.

Thus, in terms of both timing and substance, Plaintiff's motion shall be construed as a motion for relief under Rule 60(b).

**Analysis**

As a preliminary matter, the Court observes that Plaintiff has failed to appreciate that Defendants Pollard and "Unknown Third Shift Supervisor" were dismissed *without* prejudice. When dismissal is without prejudice the plaintiff is free to re-file the claim, presumably correcting whatever deficiencies caused the dismissal. *See In re ICF Credit Corp*., 663 F.3d 315 (characterizing dismissal without prejudice as permitting "a complete do-over").

After reviewing the July 9, 2012, Order, paragraphs 31-38 of the complaint and exhibits B1 and B2, the Court finds no material basis for upsetting the Order dismissing Pollard and "Unknown Third Shift Supervisor."

In essence, Plaintiff is now attempting to explain and elaborate upon the complaint. This is not a "second bite at the apple"; it is not an opportunity to rehash old arguments or to present new arguments that could and should have been presented earlier. *See Bell v. Eastman Kodak Co*., 214 F.3d 798, 801 (7th Cir. 2000). For example, the complaint states, "… Defendant Captain Pollard … had been notified and was making arrangements for [Plaintiff and inmate Ojeda] to be taken to an 'outside hospital'…." (Doc. 1, p. 9, ¶ 31). The Court cannot consider information outside the complaint, such as Plaintiff's new explanation that it was really Nurse Cissy who arranged the trip to the hospital. Similarly, the complaint describes Pollard being present while Plaintiff's injuries were examined, "and then Pollard ordered the nurse to place bandages over the wounds, then Pollard told Lt. May to get a camera and take pictures of Plaintiff's legs." (Doc. 1, p. 11, ¶ 37). The Court cannot consider Plaintiff's new assertion that Pollard was attempting to mask the worst aspects of Plaintiff's wounds.

According to Plaintiff's motion, "Unknown Third Shift Supervisor" denied Plaintiff any kind of medical assistance and/or transfer to a hospital. However, the complaint states, "[Defendants Hanes and Pesca] said that they'd speak to Defendant Unknown 3rd shift supervisor." (Doc. 1, p. 10, ¶ 32). The complaint fails to offer any basis for inferring that the supervisor actually was informed of Plaintiff's situation. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

If Plaintiff wants to better state his allegations against Pollard and "Unknown Third Shift Supervisor," he should amend the complaint in the method prescribed by Federal Rule of Civil Procedure 15 and Local Rule 15.1.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Plaintiff's motions for reconsideration (Docs. 36 and 38) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 25, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**