## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISRAEL MUNOZ-GALLARDO,

                Plaintiff,

vs.

JAMES MOUNT, MICHAEL GRAY,
VINCE HANES, BRENT WITGES, NICK
PESCA, ELLIOTT EDWARDS,
LAWRENCE JEFFERSON,

                Defendants.

)
)
)
)
)
)
)
)
)
)

Case No.   11-cv-530-MJR-SCW

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion to Reconsider (Doc. 57) filed by Plaintiff.   Specifically, Plaintiff seeks reconsideration of the Court April 26, 2013 Order which found as moot his motions for default and denied his motion to compel discovery.   Plaintiff had sought a default because Defendants had failed to submit to Plaintiff their initial disclosures.   The Court denied default because Defendants indicated that they provided initial disclosures to Plaintiff and that the disclosures had been late due to difficulties in obtaining to required information.   Plaintiff now seeks a reconsideration of the Court's order because he feels that he was prejudiced by the late disclosures.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.   The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures.   *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994).**   "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to

it." *Obriecht v. Raemisch*, **517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original)(citing** *Borrero v. City of Chicago*, **456 F.3d 698, 701-02 (7th Cir. 2006)(clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")).** Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, **43 F.3d 1140, 1143 (7th Cir. 1994) (citing** *United States v. Deutsch*, **981 F.2d 299, 301 (7th Cir. 1992));** *see also Talano v. N.W. Med. Faculty Found., Inc.*, **273 F.3d 757, 762 (7th Cir. 2001).**

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, **85 F.3d 314(7th Cir. 1996), reh'g and suggestion for reh'g en blanc denied, cert. denied 519 U.S. 1040;** *Deutsch v. Burlington N. R. Co.*, **983 F.2d 741 (7th Cir. 1993).** Likewise, a movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht v. Raemisch*, **517 F.3d 489, 494 (7th Cir. 2008) (citing** *Sigsworth v. City of Aurora, Ill.*, **487 F.3d 506, 512 (7th Cir. 2007)).**

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P. 60(b)(1).** However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, **214 F.3d 798, 801 (7th Cir. 2000);** *Parke-Chapley Constr. Co. v. Charrington*, **865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes**

caused by inadvertence"); *Swam v. U.S.,* **327 F.2d 431, 433 (7th Cir. 1964), cert. denied, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of Rule 60(b)").**

While Plaintiff has not stated which Rule he is seeking reconsideration under, the Court finds that Plaintiff's arguments fail under both standards. Plaintiff has not pointed to any mistake in law or fact made by the Court, nor has he presented any new evidence to the Court. Instead, Plaintiff merely appears to be taking umbrage with the Court's prior rulings as he continues to argue that he should be compensated in some way for Defendants' late disclosures. Plaintiff argues that he has been prejudiced by the late disclosures. However, the Court finds that Plaintiff has not been prejudiced because he has ample time to conduct discovery before the close of the discovery deadline. Further, upon review of the record, the Court remains persuaded that its ruling denying default was correct. Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.
DATED: May 9, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge